**UNITED STATES v. HAGEDORNY.**

Cr. No. 40833.

United States District Court
E. D. New York.

Nov. 28, 1949.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., for plaintiff (Edward S. Szukelewicz, Asst. U. S. Atty., Brooklyn, N. Y., of counsel).

Harry G. Anderson, New York City, for defendant.

BYERS, District Judge.

This is a motion, of which notice is dated November 9, 1949, to amend a judgment of this Court dated January 25, 1946, sentencing the defendant to a term of two years' imprisonment upon his plea of guilty to a violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., committed in 1942, namely, his failure to appear for physical examination pursuant to the receipt of due notice.

When that sentence was imposed, the defendant was present in court under a writ issued to the Warden of the City Prison in Brooklyn, where the defendant was incarcerated awaiting trial in the State Court of a charge of assault and robbery, pursuant to which he was later sentenced to a five years term under a guilty plea to attempted robbery.

That sentence was completed when he had served three years and seven months; then and on October 26, 1949, he was taken in custody pursuant to the commitment issued out of this Court, and has begun to serve the sentence now sought to be changed.

The judgment of this Court is not being challenged for legal insufficiency, but amendment is sought to the extent of suspending execution, and placing the defendant on probation, because of the hardship to be expected to flow from the service of his sentence, which will fall upon his wife and child. That is a consideration which was weighed when his sentence was imposed, and is a consequence present in nearly every criminal case, which renders the enforcement of the law the difficult and melancholy thing that it frequently comes to be.

The present motion candidly portrays the situation with which the Court was confronted in January of 1946, for the defendant says: "When I received a postcard for my physical induction (examination?), I didn't show up because I knew I was wanted by the Brooklyn authorities for the robbery."

All attendant facts concerning the offense and the defendant's record and circumstances were made clear in the presentence report which was examined prior to the imposition of sentence, so that the latter was not a casual or perfunctory matter of routine.

The opposition to this motion is discussed in the brief filed by the United States Attorney in a painstaking and thorough presentation which has been of great assistance to the Court.

The point is convincingly made that there is a present lack of capacity on the part of the Court to deal with the defendant's application.

■ Clearly the present Rule 35 of the Rules of Criminal Procedure, 18 U.S.C.A., does not avail the defendant, since this sentence is not asserted to have been illegal, nor was the application made "within sixty days after the sentence was imposed".

The quoted language is clear and cannot be tortured into being the same thing as "sixty days after a defendant has begun to serve his sentence". There are provisions in the Rule which adapt the sixty-day reservation of capacity to act, to cases of affirmance of a judgment by appellate process, which clearly do not apply and which may be deemed to have expressed the full intention of the Rules with respect to the subject of reservation of power in the sentencing Court. There was nothing pending in this case on March 21, 1946, when these Rules took effect, to fall within the second sentence of Rule 59, nor is it argued to the contrary for the defendant.

■ On January 25, 1946, the capacity of the Court to reduce the sentence on that day imposed, is to be measured by the Rules

then in force, and under our then local Rule 5, each term of the Court was kept open for ninety days "For the purpose of taking any action which must be taken within the Term of the Court at which final judgment or decree is entered * * ".

Within ninety days from January 25, 1946, or by April 25, 1946, at the latest, this Court had the power to reduce the defendant's sentence. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

After that date, this Court did not possess the judicial capacity so to act, this not being an illegal sentence. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; and United States ex rel. Quinn v. Hunter, 7 Cir., 162 F.2d 644, at page 647.

The defendant seeks to avoid this rather plain aspect of the matter by arguing that the ninety-day limitation did not begin until October 26, 1949, when he was taken into custody and began to serve his federal sentence. The automatic extension of the term prescribed by the rules of this Court, in language which is too clear to mistake, began with the day on which final judgment was pronounced, not when its execution began. United States v. Smith et al., 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610.

If the defendant had escaped on his way back to the City Prison in Brooklyn, he would not thereby have conferred an extension of the term upon this Court, for it was not within his competence to do that. If he had escaped on his way to the federal Court after having entered there his guilty plea, as his counsel argues, sentence, i. e., final judgment, would not have been pronounced.

Until that was done, the automatic extension of the term would not have been set in motion.

If he had escaped between the federal Court and the House of Detention, after having been sentenced, the ninety-day extension would have begun from the date of sentence.

It is not perceived how any of these hypotheses can support the argument to which it is addressed.

If he had been admitted to probation and then violated the order, and that violation were duly established, he would be dealt with pursuant to the Probation Statute, 18 U.S.C.A. § 3651 et seq., and not because of the extension of the term of the Court. The disposition of such a matter would of course depend upon whether suspension of imposition of sentence, or execution thereof, had characterized the initial action of the Court.

 Apart from the foregoing, it is the law that, once a defendant has begun to serve his sentence, the Court does not possess power under the Probation Act to grant him probation. See United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. The rule in that case may be deemed to have been modified to the extent involved in United States v. Benz, supra (see Bradford v. United States, 5 Cir., 156 F.2d 210), but that modification cannot avail this defendant, for reasons which the foregoing recital will make clear.

Technically the motion should be dismissed for lack of power to entertain it; however, if the Court were free to act, the motion would be denied as a matter of discretion in view of the nature and date of the offense, and the defendant's record.

Motion denied. Settle order.