**The UNITED STATES of America, Plaintiff,**

**v.**

**Nelson MADDUX, Defendant.**

**Cr. No. 2682.**

District Court, Alaska
Third Division, Anchorage.
Dec. 28, 1956.

Lloyd L. Dugger, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Paul F. Robison, Anchorage, Alaska, for defendant.

McCARREY, District Judge.

This matter comes before the court upon a *motion to modify the sentence by suspending it in part and placing the defendant on probation.*

The defendant was found guilty, by a jury, for the crime of assault with intent to kill, 65–4–16, ACLA 1949, and was sentenced to serve five years on the 15th day of September, 1954. He is presently in the custody of the Attorney General of the United States of America serving time under this sentence.

Defendant's motion is predicated upon Sess.Laws Alaska 1955, c. 195, which purports to give the District Courts of the Territory of Alaska the power to suspend and modify sentences imposed by these courts at any time within five years from the date of imposition of sentence.

The Federal Rules of Criminal Procedure, by Congressional action, have been extended to the District Courts of Alaska.

Rule 54, of Fed.R.Crim.P., 18 U.S.C.A. provides as follows:

"These rules apply to *all criminal proceedings* in the United States district courts, which include the District Court for the Territory of Alaska * * *." (Emphasis supplied.)

Rule 35 of the Fed.R.Crim.P. provides as follows:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

■ This limitation is jurisdictional, and after the expiration of the time prescribed, the court is without power to modify the sentence for reasons other than illegality. United States ex rel. Quinn v. Hunter, 7 Cir., 1947, 162 F.2d 644; United States v. Martin, D.C.W.D. S.C.1948, 8 F.R.D. 89, affirmed 4 Cir., 168 F.2d 1003, certiorari denied 335 U. S. 872, 69 S.Ct. 161, 93 L.Ed. 416. Defendant's motion certainly does not come within the limits established by Rule 35. The only remaining issue is whether the Territorial Legislature had the power to enlarge the time within which the modification could be made for Territorial offenses.

Section 9 of the Alaska Organic Act, 48 U.S.C.A. 77, provides that the legislative power of the Territorial Legislature extends to all rightful subjects of legislation,

" * * * not inconsistent with the Constitution and laws of the United States * * *."

Rule 54 applies the rules to all criminal proceedings without differentiation between territorial and federal violations.

■■ I am of the opinion that the 1955 act, supra, is clearly inconsistent with the procedural laws established through the power of Congress. Accordingly, I find that this court is without power to modify the sentence imposed upon the defendant and the motion is hereby denied.