**Raymond L. MENDEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19269.**

United States Court of Appeals Ninth Circuit.

Aug. 16, 1965.

Eric J. Schmidt, San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec.; Arthur I. Berman, Michael Balaban, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

On February 14, 1963, a four-count indictment was returned against Raymond L. Mendez, appellant herein, and several others by the Federal Grand Jury for the Southern District of California, Central Division.

Count One charged appellant and his several co-defendants with conspiring with intent to defraud the United States by knowingly receiving, concealing, transporting and facilitating the concealment and transportation of marihuana, knowing the same to have been imported into the United States contrary to law, in violation of 21 U.S.C. § 176a.

Count Two charged that appellant conspired with the same persons, with intent to defraud the United States, to transport, conceal and facilitate the transportation and concealment of marihuana which they had acquired without having paid the transfer tax imposed by 26 U.S.C. § 4741(a), in violation of 26 U.S.C. § 4744.

Count Three charged appellant and one Koor with the knowing concealment of 20 pounds of marihuana on October 6, 1962.

Count Four charged one of appellant's alleged co-conspirators with unlawful possession of marihuana.

Appellant was arraigned, entered a plea of not guilty, and following a court trial was convicted on all three counts in which he was named (Counts One, Two and Three). On June 3, 1963, the court denied appellant's motion for a new trial and sentenced him to ten years on each of the three counts, the sentences to run concurrently. Appellant filed a timely notice of appeal, and on April 29, 1964, this court filed an order granting appellant leave to appeal *in forma pauperis*. This court has jurisdiction under 28 U.S.C. § 1291 and § 1294.

Throughout the trial and on appeal, appellant was represented by court appointed counsel.

No contention is made on this appeal in the brief filed by appellant's counsel that substantial evidence is lacking to support the appellant's convictions on each of the three counts. Appellant's counsel's brief raises two points: (1) That the court erred in permitting joinder of substantive counts against appellant and another co-conspirator (Counts Three and Four, respectively) and conspiracy counts against six alleged co-conspirators and appellant, with a joint trial on all counts, and (2) that the indictment is duplicitous in that the conspiracy charged in Count Two is the same offense charged in Count One.

It is not disputed that appellant was a central figure in the conspiracies alleged in the indictment. Moreover, the only substantive count against the appellant was that alleged in Count Three, which charged the concealment of marihuana by appellant and one Koor, a fellow co-conspirator. This allegedly took place during one of the transactions involved in the conspiracies alleged in the indictment. Under these circumstances, appellant's argument that there has been a misjoinder of both defendants and offenses here is without merit.[1] Moreover, since this issue was not raised below, it would appear that the appellant has waived the matter because of his

1. Rule 8 of Federal Rules of Criminal Procedure provides:

"(a) * * * Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

This rule permits the government to join in one indictment a conspiracy and a substantive crime committed as a part of that conspiracy as was done in this case. See Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

"(b) * * * Two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

failure to object. See Rule 12(b) (2) of the Federal Rules of Criminal Procedure. Although Rule 14 permits the trial court to order severance of either offenses or defendants if it appears that a defendant may be prejudiced by joinder, the appellant does not show wherein the appellant was prejudiced by the court's failure to do so. The failure of the court to order severance is not a basis for reversal absent a showing that the court clearly abused its discretion in this regard. We see no such abuse of discretion.

■ Appellant's counsel makes no contention that appellant was not properly convicted on the charges contained in Counts One and Three of the indictment. He contends, however, that his conviction on Count Two should be set aside since he alleges that the charge in Count Two is identical with the charge in Count One. We do not reach the merits of this contention, since the sentences imposed upon all three counts were identical and were ordered to run concurrently with each other. Winger v. United States, 233 F.2d 440 (9th Cir. 1956); Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1957); Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964); King v. United States, 279 F.2d 342 (9th Cir. 1960). Although counsel requests that we reconsider the rule set forth in the above cited cases, we decline to do so.

On or about the day this case was set for oral argument before this court there was brought to the attention of the court the fact that the appellant, who was then serving his sentence in a penitentiary, had addressed a request to the court that a copy of the transcript of the proceedings of the district court be forwarded to him and a further request that he be permitted to personally file a brief in the case. The court granted this request and approximately ninety days later a brief was received by the court on behalf of the appellant personally.

■ In this brief appellant makes two main contentions: One, that certain statements made by him shortly after his arrest were wrongfully admitted into evidence, and, second, that transcripts of certain telephone conversations between appellant and another concerning the purchase and sale of the marihuana which had been heard by police officers were wrongfully admitted into evidence.

We have examined the record as to the statements made by the appellant. The substance of them are as follows. At the time of appellant's arrest he was asked if there was any marihuana in the automobile and he did not reply. The appellant then asked the arresting officer a question. As testified to by the arresting officer, he said, "He asked me where he made his mistake." Later that day, when appellant was being booked at the county jail and he was called to the telephone, a customs agent identified himself to appellant as having talked to the appellant before and the following testimony was admitted concerning this conversation:

"THE WITNESS: I asked defendant Mendez—I told him I wanted to ask him a question.

He said, 'Yes. Go ahead.'

I said, 'I want to ask you if you have a permit to transfer marijuana.'

He says, 'A what?'

I said, 'Do you have a permit to transfer marijuana?'

He said, 'No, but that is an interesting question.' He said, 'Do you mean I can get a permit?'

I said, 'It is possible legally to get a permit. I just want to know if you have one.'

He said, 'No.' "

On the day of his arrest an agent testified that in the hall adjoining the Commissioner's office, the following occurred: "I advised Mr. Mendez he was charged with conspiracy to smuggle, I believe 88 pounds of marihuana into the United States. At which time he replied to me, 'You did a good job.' " On another occasion about two or three weeks later, in the county jail, there was testimony that the appellant made a state-

ment to an officer: "You didn't have to seize my cars."

The only objection made to the admission of any of the above statements in the trial court was that the corpus delicti had not been proven at the time these statements were admitted. At the time of the hearing on motion for new trial they were not mentioned or relied upon. We see no violation of appellant's constitutional rights in the above procedure.

 Concerning appellant's second contention, it appears that with the consent of a special government agent a listening and recording device was attached to a telephone, by means of which certain conversations between the special government agent and the appellant were recorded. Tapes of these conversations were admitted in evidence over appellant's objection. We see no objection to the admission of this testimony. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957). The lack of any substance to appellant's complaint is further shown by the record of proceedings on motion for a new trial. There appellant's counsel contended that the tapes were wrongfully admitted in evidence, because no proper foundation was laid. The record then shows the following:

"THE COURT: Well, now, counsel, you know we tried to hear the recordings and you will remember that they were so poor nobody could understand them.

"MR. BYRON: That is true, your Honor.

"THE COURT: If they can't be understood, I don't know how you can be prejudiced. As far as I am concerned, they were useless, absolutely useless.

"MR. BYRON: Only if they were considered by the court in weighing the evidence as forming a part of the matter.

"THE COURT: If it will do you any good, I can tell you I did not consider them at all. I absolutely

disregarded them because I thought they were so poor. There was nothing in the recordings that I could make anything out of at all.

"MR. BYRON: It will be submitted.

"THE COURT: If that is the basis of your motion, it will be denied, because, in the first place, I think they were admitted properly and, in the second place, if they were admitted improperly, nobody could understand what was in them. So I can't see how you would be damaged in any way."

An examination of the entire record discloses that appellant was fairly tried and that he has no just cause for a reversal.

Judgment affirmed.