Lawrence H. RAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20855.

United States Court of Appeals Ninth Circuit.

Jan. 20, 1967.

Rehearing Denied March 6, 1967.

3. The reasons that Illinois rejected the M'Naghten test in favor of the formulation in the Model Penal Code are shown in the Comments of the Joint Committee to Revise the Illinois Criminal Code (38 Smith-Hurd Ill.Ann.Stats. § 6–2, at pp. 214–219).

Thomas J. Davis, Tucson, Ariz., for appellant.

William P. Copple, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLIN, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, appellant was convicted on all counts of an eight count indictment. Counts I, II, III and VII, charged violation of 8 U.S.C. § 1324(a) (4).[1] Counts IV, V, VI, and VIII, charged violation of 8 U.S.C. § 1324(a) (2).[2]

---

1. Sec. 1324(a) (4) in substance charges that:

Any person, who willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of any alien not duly admitted by an Immigration Officer or not lawfully entitled to enter or reside in the United States, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,-000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect of whom any violation of this section occurs.

2. Sec. 1324(a) (2) in substance charges that:

Any person who transports, or moves, or attempts to transport or move, within the United States, by means of transportation, any alien not duly admitted by an Immigration Officer or not lawfully entitled to enter or reside within the United States, knowing that the alien is in the United States in violation

82

The alien referred to in Counts I and IV is Antonio Valenzuela-Lopez; the alien referred to in Counts II and V is Celedonio Martinez-Dorame; the alien referred to in Counts III and VI is Carmen Chavez-Franco; and the alien referred to in Counts VII and VIII is Jose Romero-Siquero.

The judgment and commitment of the District Court, after reciting that appellant had been convicted by jury verdicts as charged in each of the eight counts, committed the appellant to the custody of the Attorney General, or his authorized representative, for "imprisonment for a period of eighteen months."

On this appeal the only errors specified in appellant's brief are the claimed error of the District Court in failing to grant the defendant's motion for a directed verdict of acquittal on Counts I, II and III at the close of the government's case; and claimed error of the District Court in giving one instruction to which appellant objected, and refusing to give two instructions which appellant requested. Because of the factual situation which developed under Counts I through VI, and which was not present under Counts VII and VIII, the instructions were relevant only under Counts I through VI.

In his brief appellant seeks reversal only in respect to the first six counts.

No attack is made in appellant's brief with respect to his conviction on Counts VII and VIII. On oral argument counsel for appellant conceded that there were no infirmities or errors in appellant's conviction on Counts VII and VIII.

■ We have reviewed the record and are likewise convinced that the evidence introduced before the jury in the District Court abundantly supports appellant's conviction on Counts VII and

VIII, and that the claimed errors in respect to the first six counts in no way infect or contaminate the conviction of appellant upon Counts VII and VIII.

We note that the sentence imposed by the District Court on all counts of the indictment falls far short of the maximum sentence which the District Court was authorized to impose on each count of the indictment.

In Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959), Barenblatt was convicted under all counts of a five count indictment. A general sentence of six months imprisonment and a fine of $250.00 was imposed. At page 115, 79 S.Ct. page 1087 the Supreme Court stated:

"Since this sentence was less than the maximum punishment authorized by the statute for conviction under any one Count, the judgment below must be upheld if the conviction upon any of the Counts is sustainable." (Footnote omitted).

See also to the same effect, United States v. Mims, 340 F.2d 851 (7th Cir.), cert. denied, 381 U.S. 913, 85 S.Ct. 1535, 14 L.Ed.2d 434 (1965); Isaacs v. United States, 301 F.2d 706 (8th Cir.), cert. denied, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962).

■ In the instant case the validity of appellant's conviction on Counts VII and VIII is unquestioned by appellant. We are satisfied of the validity of such conviction in all respects. In these circumstances it is unnecessary for us to consider the errors alleged by appellant in respect to his conviction on the first six counts of the indictment.

The only problem remaining in this case arises from the imposition by the District Court of a "general sentence" on all counts. The problem is whether we

of law and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, shall be guilty

of a felony. The punishment provided for violation of § 1324(a) (2) is the same as the punishment provided for violation of § 1324(a) (4).

should affirm the judgment imposing the general sentence, or remand the cause to the District Court for resentencing on each count.

 When the District Court imposes sentence on a multiple count indictment, it is highly desirable that he deal separately with each count. See Benson v. United States, 332 F.2d 288 (5th Cir. 1964).

In McDowell v. Swope, 183 F.2d 856 (9th Cir. 1960), this court stated at page 858:

"* * * the loose practice of imposing a general sentence is definitely to be discouraged."

We believe it appropriate at this time to issue a similar admonition.

 The transcript of the proceedings at the time the general sentence was imposed reveals clearly that the District Judge felt that the proper punishment to be inflicted upon the appellant for all offenses of which he was convicted was incarceration for eighteen months. Such fact precludes us from construing the sentence imposed to mean consecutive sentences of eighteen months each. A construction of the sentence imposed to mean a sentence on each count of a term equal to one-eighth of eighteen months finds no support in the sentence imposed or in the transcript of the sentencing proceedings. We construe the sentence imposed to mean a term of eighteen months on each count, all to be served concurrently. For this reason we conclude that no real purpose would be served by remanding this cause to the District Court for resentencing, since the sentence imposed on all counts is far less than the sentence which could have been imposed on each of Counts VII and VIII.

It appears that this position parallels that taken by other circuits on this point. See Benson v. United States, supra, fn. 4 at page 290 of 332 F.2d.

The judgment appealed from is affirmed.