**Chester Leroy BINGAMAN**

v.

**UNITED STATES of America and Olin G. Blackwell, Warden.**

Civ. A. No. 11152.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 14, 1967.

Chester Leroy Bingaman, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for respondents.

## ORDER

EDENFIELD, District Judge.

Petitioner has filed an application for a writ of habeas corpus. The record shows he was sentenced in the Southern District of Georgia for less than the maximum term possible for his offense. Prison records show that he is eligible for release on February 15, 1968. However, if petitioner were credited with the 179 days spent in jail prior to sentencing, he would be eligible for immediate release.

Based on the amended decision in Bryans v. Blackwell, 387 F.2d 764, in the Fifth Circuit Court of Appeals, it is evident that a conclusive presumption could be entertained that petitioner had received credit for his pre-sentence custody, since three years and 179 days is substantially less than the five-year sentence which petitioner could have received at maximum. However, this conclusive presumption is rebutted beyond question by the unalterable and indisputable record of the transcript of petitioner's sentencing on October 21, 1965, the pertinent part of which reads as follows:

"THE DEFENDANTS: Can we have any time off while we were in jail?

"THE COURT: No, I am not going to give you anything off. I don't think the courts should be too lenient. * * That just shows an abandoned and malignant heart. I am going to give each one of you three years in the custody of the Attorney General."

While a conclusive presumption will withstand almost any assault, it cannot overcome the sentencing judge's own words. However, it is difficult to conceive of any other evidence that would rebut such a presumption. Since the Government has verified petitioner's allegations as to pre-sentence custody, petitioner's continued imprisonment is contrary to law, and it is therefore ordered that he be immediately released.