Rufus Killis SELLERS, Jr.

v.

**UNITED STATES of America and the Attorney General of the United States et al.**

Civ. A. No. 11239.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 15, 1967.

Supplemental Order Dec. 21, 1967.

Rufus Killis Sellers, Jr., pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant.

ORDER

EDENFIELD, District Judge.

Petitioner has filed a civil action seeking a writ of mandamus. It is more properly considered as a petition for a writ of habeas corpus. Petitioner is a prisoner in the Atlanta penitentiary and asks that the United States and its agents be directed to credit him with time spent in jail prior to his conviction. Petitioner was arrested on or about September 21, 1961 and held in jail until he was sentenced on January 8, 1962, approximately 107 days. He received a number of separate sentences growing out of a post office burglary and the subsequent disposal of the proceeds; two consecutive five-year sentences, two more consecutive five-year sentences to run concurrently with the first two, and eight more five-year sentences to run concurrently with the first five years he was in jail. All of the crimes for which he was convicted carried a maximum of five years.

Prison records which have been previously obtained by the court show his release date to be February 29, 1968. No credit appears to have been given him for time spent in jail prior to sentencing.

This particular question has arisen time and time again in this court during the last six months. The problem arises from the fact that in 1960 Congress amended 18 U.S.C.A. § 3568 to provide for the first time that days spent in custody for want of bail set for the offense or acts for which sentence was imposed should be credited toward the service of a subsequent sentence where the statute required the imposition of a minimum mandatory sentence. The

Court of Appeals of the District of Columbia first recognized that this created an unconstitutional distinction between prisoners sentenced for one type of offense and those sentenced for another. Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966). The question next arose in the Fourth Circuit, which came to the same conclusion. Dunn v. United States, 376 F.2d 191 (1967). Of course, the problem only arises with prisoners sentenced after the effective date of the 1960 amendment (October 2, 1960), because as yet no court has held that there is an absolute right, absent a statute, to credit for time spent in jail before sentence. Before 1960, service of a sentence could only begin at some time after sentencing.

■ However, when it came to determining how the credit was to be retroactively applied, the two circuits that have ruled on this question have divided. In the Stapf case it was held that there would be a conclusive presumption that credit was given in all cases where it was possible, as a matter of mechanical calculation, that credit could have been given by the sentencing court. As this court understands that rule, this would mean that where the actual sentence plus the total time previously spent in custody in connection with the offense or acts for which the sentence was imposed exceeded the maximum sentence, there is also a presumption that credit was not given. In Dunn, the prisoner was a maximum sentence prisoner (as was Stapf) and the question whether any presumption existed that the trial judge had given credit was not essential to the decision. However, in a subsequent opinion, the Fourth Circuit held that it was open for determination in each case whether credit had been given, regardless of whether the prisoner received the maximum or a lesser term. Padgett v. United States, 387 F.2d 649 (1967).

The Fifth Circuit has not heretofore ruled on any part of this question. The revised opinion in Bryans v. Blackwell, 387 F.2d 764 (1967), now provides some guidance for the courts in this circuit. It basically adopts the view of the District of Columbia Circuit, i. e., that there is a conclusive presumption that credit was given except in cases where the prisoner's sentence and his jail time combined exceed the maximum allowable.

■ In the present case, this decision is applied. Sellers theoretically could have received 60 years, had all twelve of his five-year sentences been made to run consecutively. However, in view of the fact that he was sentenced to two five-year consecutive sentences with the balance made concurrent, clearly the sentencing judge gave a "maximum" sentence within the scope of the Bryans decision. Therefore, the petitioner is entitled to credit for the 107-odd days he was held in jail, if this time was "creditable" within the definition of the statute. The court has not heretofore directed the Government to answer this petition. Therefore, let the Government either release petitioner within five days or show cause why it should not.

For some recent decisions of this court affecting the definition of what time should be credited, see:

(1) Bingaman v. United States, D.C., 283 F. Supp. 894. Conclusive presumption that credit was given is destroyed by transcript of sentencing by trial court which shows defendant asked if credit was being given for jail time and trial judge replied that it was not.

(2) Dillinger v. Blackwell, D.C., 277 F.Supp. 389. Time spent in state custody on theft charge is not creditable to later conviction for Dyer Act violation even though the chattel (an automobile) may have been the same in both cases, and the state charge was dismissed after a successful federal prosecution.

Further, in order to reduce the burden on the court of reviewing numerous future petitions, defendants are hereby directed to review the status of all pris-

oners within this court's jurisdiction and credit those who were sentenced after October 2, 1960 and before September 20, 1966 with such "jail time" as is appropriate. Such review shall commence with those prisoners scheduled for earliest release and be completed as rapidly as feasible.

## SUPPLEMENTAL ORDER

The defendant's response concedes that petitioner did spend the time in presentence custody as alleged, but shows no valid reason why the earlier judgment of this court in this case should be altered. Defendant argues that if Sellers' sentences had been made consecutive, he could have received a maximum of sixty years. Since all but two of Sellers' sentences were made concurrent, defendant claims Sellers did not receive a "maximum" sentence; therefore, Sellers should not receive credit for time spent in jail.

It should be remembered that the rule concerning jail time credit, previously described in the court's order of December 15, 1967 in this case, is a common-sense and practical rule of evidence. On a theoretical basis, other rules of evidence could have been constructed with as much logic; but the task before the courts at this time is to attempt to reconstruct the actual considerations in the mind of the sentencing judge at the time of sentence. The sentencing judge in this case clearly meant to give two consecutive maximum sentences. This he did do. What he did with other sentences for other crimes for which defendant was tried simultaneously need not concern the court at this time.

The only case cited by defendant, United States v. Lawrenson, 4 Cir., 383 F.2d 77 (1967), is not applicable on several grounds. First, that prisoner had been sentenced before the effective date of the 1960 amendment to 18 U.S.C.A. § 3568, and so far as the opinion relates to the 1960 amendment, it is purely gratis dictum. Secondly, the court in that case found that the district judge's words at the time of sentencing show that he did take Lawrenson's pre-sentence custody into account. And finally, the sentencing court gave a maximum sentence of only twenty years although one count on which he was found guilty carried a maximum of twenty-five years. These distinctions from the present case need not be belabored further.

Therefore, it is ordered that petitioner be released, provided that if the defendant files a timely appeal, such release shall be conditioned upon petitioner's posting a personal recognizance bond.