Samuel E. McCULLOUGH

v.

UNITED STATES of America.

Civ. A. No. 11459.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 4, 1968.
Supplemental Order Jan. 11, 1968.

Samuel E. McCullough, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

■ Petitioner here seeks to file an application for a writ of habeas corpus in forma pauperis. It may be so filed. Petitioner alleges that if he were credited with time spent in jail before he was sentenced, he would be eligible for release at this time. Petitioner was sentenced to five years on four separate counts which grew out of a post office burglary. The sentence record previously supplied to the court does not specify whether this was a five-year sentence on one count with sentences on the remaining three counts made concurrent, or whether the five years represented four separate sentences running consecutively. In the absence of such specification, the rule is that sentences are presumed to be concurrent. Mills v. Hunter, 204 F.2d 468 (10th Cir. 1953). None of the four counts on which petitioner was sentenced carried a potential maximum in excess of five years.

■ It is clear, therefore, that petitioner received a "maximum" sentence within the scope of Sellers v. United States (Clark), in this court, December 21, 1967, 283 F.Supp. 891, and the rule enunciated in that case applies to petitioner here.

Therefore, let defendant show cause within three days as to why the writ should not be issued.

## SUPPLEMENTAL ORDER

The Government's answer to the previous show cause order of this court shows no reason as to why petitioner should not be released. The facts and law of petitioner's case are identical to those in Sellers v. United States (Clark), in this court, December 21, 1967, 283 F.Supp. 891.

Respondent's reliance on United States v. Lawrenson, 383 F.2d 77 (4th Cir., 1967), was fully considered in the Sellers case and is not persuasive here.

Therefore, it is ordered that petitioner be released, provided that if the respondent files a timely appeal, such release shall be conditioned upon petitioner's posting a personal recognizance bond.