Morris Wilbur LEE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22391.

United States Court of Appeals Ninth Circuit.

Aug. 14, 1968.

Morris Wilbur Lee, pro se.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Michael D. Nasatir, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

Lee appeals from an order of the United States District Court for the Central District of Califorina denying his *motion for correction of sentence* pursuant to Rule 35, Federal Rules of Criminal Procedure, and 18 U.S.C. § 3568. On May 22, 1962, Appellant had been sentenced to a term of five years on each of two counts charging a violation of 18 U.S.C. § 500, which carries a maximum prison penalty of five years, and the sentences were ordered to run concurrently. Because of a consecutive sentence imposed by another court, the term for which Lee is presently incarcerated is actually ten years under which he is receiving good time credits of ten days per month. 18 U.S.C. § 4161.

Lee's motion for correction of sentence asserted that he was entitled to credit for sixty-eight days served for inability to make bail set after arrest and before sentence, credit to which he was entitled because he had been sentenced to the maximum term. Stapf v. United States, 1966, 125 U.S.App.D.C. 100, 367 F.2d 326; Dunn v. United States, 4th Cir. 1967, 376 F.2d 191; Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764; United States v. Smith, 7th Cir. 1967, 379 F.2d 628. Perhaps, incongruously, and yet with evident practicality, Lee's motion

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

for correction of sentence prayed alternatively that if all the Court could do would be to reduce the sentence by sixty-eight days, his motion should be denied because under such a sentence, aggregating with the other less than ten years, he would receive only eight rather than ten days per month good time credits and the relief, if granted, would require him to serve a longer time.

The District Court denied the motion on two grounds; first, that because the sentences imposed on the two counts were ordered to run concurrently, Lee had not received the maximum sentence, and second, that the computation of the service of the sentence was an administrative problem for the Attorney General and the Bureau of Prisons and that the sentences of five years imposed on each count were not illegal and subject to correction under Rule 35, Federal Rules of Criminal Procedure.

After oral argument, this Court sought advice from the Bureau of Prisons concerning whether administrative credit for the sixty-eight days would be given and we were offically advised that it would not.

Also, after oral argument, the Court was informed that unless immediate disposition of the appeal should be made, the Appellant would have served the sixty-eight days for which he was contending. Thereupon, the Court ordered Appellant's release on his own recognizance pending decision.

 On the first issue, it is the opinion of the majority of this Court that in this case Lee received the maximum sentence provided by law, that is, a prison term of five years for each of the two violations of 18 U.S.C. § 500 for which he was convicted. The fact that the Judge elected to run the terms concurrently rather than consecutively is immaterial. The offenses are separate and distinct. Suppose, for example, that the sentencing Judge had been informed of an existing sentence imposed by a different federal court and had elected to impose the maximum term in the case before him to run concurrently with the other sentence. Could it be said that defendant had not received the maximum sentence from the sentencing Judge? True, in the past a general sentence under a multi-count indictment for a term within the aggregate of the maximum terms that might have been imposed consecutively has been accorded some validity. McKee v. Johnston, 9th Cir. 1939, 109 F.2d 273. But such a general sentence has been condemned in this Circuit and elsewhere as a practice "definitely to be discouraged." McDowell v. Swope, 9th Cir. 1950, 183 F.2d 856. Cf. Ray v. United States, 9th Cir. 1967, 372 F.2d 80. And in 1964, the Court of Appeals of the Fifth Circuit, on which Judge Walter Pope of the Ninth Circuit was then sitting by designation (Benson v. United States, 5th Cir. 1964, 332 F.2d 288), condemned a general sentence under a multi-count indictment as incorrect and, in effect, illegal for reasons there cogently stated.[1] These considerations and others, note for example, the established rule on appeal that where concurrent sentences are imposed under a multi-count conviction, the appellate court needs to consider and affirm only

1. "There is first the basic idea that a criminal sentence should be plain, unequivocal, and so free from doubt that those concerned—accused, sentencing Court, reviewing Court, and prison authorities—will know precisely what the punishment is. One thing sure about the so-called 'general sentence' for a total term greater than the maximum of one count but less than the aggregate of all maximums is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is. A sentence is passed not because the defendant is a social outcast or needs chastisement generally. It is the law's punishment for specific transgressions of its formalized standards. It seems to us that everything points to the importance of an articulate, identifiable sentence being imposed. If that is what the law reasonably requires and prefers, then a sentence varying from that standard is, in the words of F.R. Crim.P. 35, 'illegal'." 332 F.2d at 291 (footnote omitted).

one of them,[2] we think require the conclusion that each conviction is separate and if the statutory maximum term is imposed, the order that the sentences run concurrently does not vitiate the contention that defendant received the maximum prison sentence. Cf. Sellers v. United States, N.D.Ga.1967, 283 F.Supp. 891. It is not easy to infer an intent to give credit for a few days or weeks of pre-sentence custody from a failure to confine a defendant for an additional five years by ordering the sentences to run consecutively.

■ This Court is impressed with the soundness of the rule that if the maximum sentence was not imposed and it is possible, by mechanical calculation, that credit could have been given, it is then conclusively presumed that the sentencing Court took into consideration pre-sentencing time served and the prisoner is entitled to no relief under the *Stapf-Dunn-Bryans* ruling.[3] Having found that Lee here did receive the maximum statutory sentence, we must proceed to consider what relief, if any, is available to him under his Rule 35 motion.

Rule 35 authorizes the correction of "an illegal sentence at any time" and the reduction of a sentence "within 120 days after the sentence is imposed." The 120 day time limitation is jurisdictional. United States v. Maddux, D.C.Alaska 1956, 20 F.R.D. 169, 16 Alaska 576; United States v. Hagedorney, E.D.N.Y. 1949, 9 F.R.D. 519; United States ex rel. Quinn v. Hunter, 7th Cir. 1947, 162 F.2d 644. So, in this case, the District Court, considering Lee's motion, made some five years after sentence, had no power to grant the full relief he requested, that is, a sufficient reduction of sentence to give him the benefit not only of the sixty-eight days pre-sentence time served but also the ten days per month good time credit entitlement as if he were serving a ten year sentence. To accomplish this would have required a reduction of some 308 days in the sentence, according to Appellant's computation. Such a modification was entirely beyond the jurisdiction and power of the Court.

■ Was the sentence here imposed, then, an "illegal" sentence under Rule 35, subject to correction at any time? The *Stapf-Dunn-Bryans-Smith* line of cases answers the question in the affirmative, and, for us, it would logically follow that if the sentence was illegal, it was not within the option of the prisoner to accept or reject it. The sentencing court, on its own motion, should be impelled to correct an illegal sentence, i. e., one not authorized by law. Hence, if the *Stapf-Dunn* doctrine applies here, Appellant, whether he wants to or not, is required to accept a correction of sentence which grants him the sixty-eight days pre-sentence time served but forfeits two days per month of good time credits which he would have earned under a ten year term of confinement. 18 U.S. C. § 4161.

This situation for us emphasizes the very obvious impropriety of utilizing a Rule 35 motion to correct an "illegal" sentence as a vehicle to accomplish a just and legal computation of the service of the term of the sentence imposed. The District Court in this case was eminently correct when it characterized the computation of the service of the sentence as an "administrative" responsibility of the Attorney General and the Bureau of Prisons. The sentence rendered against Lee of five years for a violation of 18 U.S.C. § 500 was not illegal in any sense. It was specifically authorized by law.

The 1966 amendment to 18 U.S.C. § 3568 was the genesis of the *Stapf-Dunn* problem. Before 1960, no credit was allowed for pre-sentence time served when the Attorney General computed the

---

2. Mendez v. United States, 9th Cir. 1965, 349 F.2d 650; Gabriel v. United States, 9th Cir. 1966, 366 F.2d 726; Banzer v. United States, 9th Cir. 1966, 367 F.2d 865.

3. Stapf v. United States, supra; Sawyer v. United States, 8th Cir. 1967, 376 F.2d 615; United States v. Deaton, 6th Cir. 1966, 364 F.2d 820; Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764; Sellers v. United States, supra.

service of the sentence imposed. After the effective date of the September 2, 1960 amendment and until the June 22, 1966 amendment, the Attorney General was required to "give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence." Since the effective date of the June 22, 1966 amendment, the Attorney General is required to give a prisoner "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." The giving of credit is not a judicial act but is an administrative act, like credits for work or for good behavior. The credits apply against the sentence as imposed and cannot be implemented by tampering with the sentence itself, else the problem of possible double credit occurs.

Other courts have persuasively elucidated the unfairness and unreasonable discrimination inherent in the 1960 amendment allowing credit only against sentences imposed under a statute requiring imposition of a minimum mandatory term. See: *Stapf-Dunn-Bryans* and *Smith,* supra. These same cases have argued the Congressional intent that such discrimination should not have existed. Faced with the express provision by Congress that the June 22, 1966 amendment was not retroactive but should apply only to sentences imposed on or after ninety days after the effective date (Sec. 6, Pub.L. 89–465), these Courts have sought to resolve the unfairness and discrimination by the fiction of calling the sentence illegal. If the Congressional history and unreasonable discrimination are so clear as to warrant characterizing a patently legal sentence as "illegal", why do they not much more easily justify an interpretation of the 1960–1966 form of 18 U.S.C. § 3568 as requiring the Attorney General to give credit for time served in lieu of bail fixed, not only in cases where the statute requires a mandatory minimum term, but also in cases where the sentencing judge imposed the maximum sentence and thus made it uncontrovertibly evident that he had not given credit for pre-sentence time served in fashioning the sentence? Our answer to this rhetorical question is implicit. On maximum sentences imposed between the effective date of the 1960 amendment and the effective date of the 1966 amendment, the Attorney General is required to give credit against the sentence for "any days spent in custody prior to the imposition of sentence * * for want of bail set for the offense."

Agreeing with the District Court that the computation of the service of a legally rendered sentence is an administrative responsibility under 18 U.S. C. § 3568 and other statutes affecting the computation of such service which cannot be aided by a motion to correct or change the sentence imposed, the order denying Appellant's motion is affirmed.[4]

4. Other courts considering these problems have commented on the difficulty of determining what the sentencing court had in mind, and have attempted directives to the sentencing judges. Putt v. United States, 5th Cir. 1968, 392 F.2d 64, at 67; Bryans v. Blackwell, 5th Cir. 1967, 387 F.2d 764, at 768. And the Fourth Circuit, having rejected the conclusive presumption that credit for pre-sentence time was given where less than the maximum term was imposed, now, as we understand it, requires a hearing in each separate case to determine, if possible, what the sentencing judge had in mind and what, if any, pre-sentence credit was in fact given. Padgett v. United States, 4th Cir. 1967, 387 F.2d 649. A Georgia judge has directed the Attorney General to review all suspect sentences between 1960 and 1966 and give credit for pre-sentence time served where justified. Sellers v. United States, 283 F.Supp. 891, at 893. It is not clear from the opinion whether that judge contemplated an administrative credit by the Attorney General, conformably with our views, or whether the United States Attorney would be required to report the facts of each case to the Court with an

Fortuitously, in this case, if Lee is entitled to sixty-eight days credit for time served in lieu of bail fixed for the offense, he, as we have been advised by the Department of Justice, has served his full time authorizing conditional release. Traditionally, a prisoner in this position who has not been released has available the writ of habeas corpus to accomplish his discharge from penal custody. Baker v. Hunter, 10th Cir. 1944, 142 F.2d 615; Binion v. United States Marshal, 9th Cir. 1961, 292 F.2d 494; United States ex rel. Sacco v. Kenton, 2nd Cir. 1967, 386 F.2d 143. In view of the change of conditions which has occurred during the pendency of Appellant's Rule 35 motion and the appeal, processed in propria persona, the interests of justice require us to treat this as a petition for habeas corpus. Accordingly, we hold that the proper interpretation of 18 U.S.C. § 3568, as it existed between the effective date of the 1960 amendment and the effective date of the 1966 amendment, requires the Attorney General to credit sixty-eight days against the maximum five year sentence rendered against Appellant, Morris Wilbur Lee, by the United States District Court for the Central (then Southern) District of California on May 22, 1962, and that he is entitled to be discharged from custody forthwith, subject to the requirements of the law governing prisoners on conditional release.

CHAMBERS, Circuit Judge (dissenting):

In my view, since Lee could have been sentenced to a total of ten years but was sentenced to five, he did not receive a maximum sentence. Thus, I would deny relief.

I agree with the majority that habeas corpus is the correct remedy and not Rule 35 of Federal Rules of Criminal Procedure.

appropriate form for the correction of the allegedly "illegal" sentence. These are examples of the problems which have arisen and which will continue to

arise if the fiction of the illegality of the sentence is perpetuated in an effort to alleviate an administrative injustice.