John **ALDRIDGE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22841.**

United States Court of Appeals
Ninth Circuit.

Jan. 17, 1969.

John Aldridge, pro se.

John P. Hyland, U. S. Atty., Wm. B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

John Aldridge appeals from a district court order denying his motion for correction of sentence under Rule 35, Federal Rules of Criminal Procedure. His sole contention on this appeal is that he should be given credit, under 18 U.S.C. § 3568, for the approximately six months he spent in jail for want of bail prior to judgment.

A Rule 35 proceeding is inappropriate for the obtaining of such relief. See Lee v. United States, 9 Cir., 400

F.2d 185, 188, 189. But, as this court did in that case, we will regard the proceeding as one for habeas corpus relief for the purpose of considering Aldridge's contention on the merits. If he is entitled to a reduction in time to be served, this may be ordered in a habeas corpus proceeding notwithstanding the fact that it will not entitle him to immediate release. See Peyton v. Rowe, 391 U.S. 54, 66, 88 S.Ct. 1549, 20 L.Ed.2d 426.

Aldridge is in federal custody following his conviction, on April 13, 1966, on two counts of an indictment charging violations of 18 U.S.C. §§ 471 and 474 (1964), relating to counterfeiting offenses. On August 9, 1966, he received a final sentence, under 18 U.S.C. § 4208 (a) (2) (1964), of seven years on each count, the sentences to run concurrently. It was apparently some time later when Aldridge discovered that he was not being given credit for jail time prior to sentence.

The Rule 35 motion came before the same district judge who had imposed the sentence. In denying the motion the court did not reject Aldridge's right to credit for jail time prior to judgment. Instead, the court stated that, at the time of sentencing, this credit had been taken into account by him in fixing a prison term of seven years on each count, instead of the maximum term of fifteen years which might have been imposed under 18 U.S.C. §§ 471 and 474, and in making the sentences concurrent instead of consecutive.

Aldridge concedes that the 1966 Amendment to section 3568, which provides that the Attorney General shall in all cases give credit for time spent in custody prior to the imposition of sentence, is inapplicable in this case. That amendment is effective only with respect to sentences imposed on or after September 21, 1966. Sec. 6, Pub.L. 89–465, 80 Stat. 217. Nor do the sections under which Aldridge was convicted provide for a mandatory minimum sentence. If they had, he would clearly have been entitled to credit under the 1960–66 form of section 3568.

Aldridge contends, however, that there is compelling judicial authority for the proposition that such credit was constitutionally required to be given under the 1960 amendment to section 3568, even in the absence of a mandatory minimum sentence requirement. He cites Bryans v. Blackwell, 5 Cir., 387 F.2d 764; Dunn v. United States, 4 Cir., 376 F.2d 191; Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326. See also Lee v. United States, 9 Cir., 400 F.2d 185, 188.

However, Aldridge would be ineligible for relief under the rule applied in these cases. If, while the 1960 amendment to section 3568 was in effect, the maximum sentence for a crime was imposed, the affected prisoner, upon establishing that he served time in jail prior to sentencing, must be afforded relief. This is true because if a maximum sentence was imposed it is obvious that the sentencing judge did not allow credit for presentence time spent in jail. Aldridge, however, was not given the maximum statutory term and the sentence imposed on each count was actually eight years shorter than the maximum. It is thus mathematically possible that the sentencing judge gave credit in computing the sentence.

Where this possibility exists, there is a conclusive presumption that credit was given. Stapf v. United States, supra, 367 F.2d at 330; Bryans v. Blackwell, supra. See also Lee v. United States, supra, 400 F.2d at 188. Furthermore, in this case, there is a basis for holding, independent of this presumption, that credit was given for this jail time. The sentencing judge stated, in his order denying the Rule 35 motion, that he did take into consideration, at the time of sentencing, the time Aldridge had spent in custody awaiting trial.

The district court therefore did not err in denying the motion, whether considered as one under Rule 35, or as an application for habeas relief.

Affirmed.