**George E. MYERS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America et al., Respondent-Appellee.**

**No. 25785.**

United States Court of Appeals, Ninth Circuit.

July 28, 1971.

David J. Marchant (argued), of Graham & James, San Francisco, Cal., for appellant.

Michael L. Morehouse, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before BARNES, BROWNING and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Appellant questions the lawfulness of the district court's refusal to allow credit to him against his sentence for time spent in jail prior to sentence for lack of bail.

We accord to appellant's contentions a liberal construction on the procedural questions involved, and thus reach the merits of his substantive claim. Jurisdiction is conceded under 28 U.S.C. § 2255.

Appellant, Myers, was indicted for bank robbery under 18 U.S.C. § 2113(a) which carries a maximum sentence of twenty years. That indictment was dismissed, however, and Myers pled guilty to a charge of violating 18 U.S.C. § 2113(b) which carries a ten year maximum sentence. Myers withdrew his guilty plea, the original indictment was refiled, and Myers was convicted by the jury of the original charge. A sentence of ten years was imposed. At the time of sentencing, the trial court stated, in essence, that he was going to give Myers the same sentence that he had determined to give upon the plea to the lesser offense—§ 2113(b). Approximately four years after sentence was imposed, Myers filed a motion under Fed.R.Crim. P. 35 to require the Attorney General to allow credit for the period he was in custody prior to sentencing for want of bail, a period of 284 days.

The substantive issue is, therefore, whether appellant is entitled to credit for the period he was in custody prior to sentencing because he could not furnish bail. The district court held that he was not. We agree.

Appellant was sentenced on January 15, 1965. The statute under which he was sentenced provided for a maximum sentence of twenty years. It did not provide for any mandatory minimum sentence. Under the law as it existed at that time [1] one who received a sentence under a statute providing for a mandatory minimum sentence, automatically received credit toward service of his sentence for any pre-sentence custody for want of bail.[2] A convicted person who was sentenced under a statute providing for a maximum sentence but no minimum mandatory sentence (as in the

---

1. "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence." Act of Sept. 2, 1960, Pub.L. 86–691, § 1(a), 74 Stat. 738.

2. The rationale of 18 U.S.C. § 3568 was that where there was a mandatory minimum, a sentencing court might feel that a credit for pre-sentence custody was contrary to the mandatory minimum provisions. Hence, to permit such credit as an element of fairness the statute was passed.

present case) did not receive such automatic credit. The reason apparently was that the court would as a matter of course allow for custodial pre-sentence time.[3]

When it developed that all courts did not grant credit for time served prior to sentence in the maximum sentence cases, the statute was changed to eliminate the disparity.[4]

In the meantime, the courts, recognizing the arbitrary and unreasonable discrimination between those who receive credit for pre-sentence custody and those who do not, have stated that Fifth Amendment considerations would apply to eliminate the inequality during the legislative hiatus. Dunn v. United States, 376 F.2d 191 (4th Cir. 1967), and Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966). We agree with the rationale of those decisions.[5] They have also held that in any situation where, as a matter of mechanical calculation, credit could have been given within the terms of the maximum possible, the court would conclusively presume that such was done. 367 F.2d at 330. Such is the law of this circuit. Aldridge v. United States, 405 F.2d 831 (9th Cir. 1969). As applied to the facts of this case the maximum sentence was twenty years. There was no minimum mandatory sentence. It was mathematically possible for the sentencing court, having in mind *Aldridge, supra*, to have given appellant credit for all of his pre-sentence time. (approximately nine and one-half months) and still have sentenced him to ten years and been within the maximum possible sentence of twenty years.

The appellant further argues that Judge East when imposing the sentence expressly stated that he was not taking

the pre-sentence confinement into consideration and thus the presumption cannot be supported and must fail. (Transcript of Sentencing at 13.) We have read the passage referred to and it appears clear that taken in context the remarks of the district judge may not be thus interpreted.

Judgment affirmed.

BROWNING, Circuit Judge (dissenting):

The rationale of *Dunn* and *Stapf*, adopted by the majority, is that since during the 1960–1966 period the statute provided that persons sentenced to a minimum mandatory term must be given credit for time spent in custody before sentence through inability to post bail, the due process clause of the Fifth Amendment requires that persons sentenced during this period to other than minimum mandatory terms must also be given such credit because there is no rational basis for a difference in treatment in this respect between these two classes of persons. *See* Stapf v. United States, 367 F.2d at 328–329; Dunn v. United States, 376 F.2d at 193–194.

It is conceded, therefore, that appellant had an absolute constitutional right to credit for the 284 days served before sentence was imposed. The only question is whether he received it.

No one suggests that the Attorney General credited appellant with this time. It is also clear that the sentencing judge did not.

Before the judge imposed sentence on the section 2113(a) charge, he told appellant and his co-defendant that they were going to receive "exactly the same sentence" he had earlier decided to give them before they withdrew their guilty

---

3. See Stapf v. United States, 125 U.S.App. D.C. 100, 367 F.2d 326, 328 (1966).

4. Act of June 22, 1966, Pub.L. No. 89–465, § 4, 80 Stat. 214, amending 18 U.S.C. § 3568.

5. To the extent that appellant implies that the rule of other circuits, expressed in

a Policy Statement of the United States Bureau of Prisons, No. 7600.51 (1969), deprives him of Equal Protection because it differs from the rule in this circuit, we hold there is no violation of Equal Protection. *Cf.* Brundage v. United States, 365 F.2d 616, 618 (10th Cir. 1966).

pleas to a section 2113(b) charge.* He then sentenced each defendant to ten years.

Two things are immediately apparent. Because the ten-year sentence that the judge said he had earlier intended to impose on the section 2113(b) charge was the *maximum* that could be imposed on that charge, he did *not* intend to give appellant credit for the time appellant had then spent in jail. In the second place, because the judge gave "exactly the same sentence" that he intended to give earlier on the section 2113(b) charge, he did not give appellant credit for the presentence time served after withdrawal of the guilty plea to the section 2113(b) charge. Since appellant was entitled to such credit as a matter of right, and since if given this credit he has now completed his sentence, he should be discharged.

The majority notes that since the maximum sentence under section 2113(a) is twenty years and appellant was sentenced to ten, it is "mathematically possible" that the judge gave appellant credit for the 284 days served before sentence. Many courts, including ours, have said that in these circumstances it is "conclusively" presumed that credit was given.

The majority apparently rejects this view, for the concluding paragraph of the opinion assumes that the presumption that the judge credited appellant with time served would fail if the record reflected the contrary. Our disagreement, therefore, is over the meaning of the record.

It should be added, however, that the majority's implied rejection of the "conclusive" presumption that credit was given is sound. The district court is en-titled to the benefit of a presumption of regularity, which is only to say that its judgment is to be affirmed unless the record reflects error. But if error affirmatively appears on the record, obviously the presumption of regularity is displaced.

The reason advanced to support the presumption that credit was given does not apply where the record shows that credit was in fact not given. This reason is that "the problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given * * * outweigh any possible unfairness." Stapf v. United States, 367 F.2d at 330. Where, as here, the determination that credit was not given may be made from the record itself, no more problems are created and no more resources expended by granting a prisoner's application for credit than by denying it.

Moreover, a "conclusive" presumption is, in fact, a rule of substantive law. To say that the giving of credit is "conclusively" presumed if mathematically possible is only to say that credit need not be given if the sentence imposed plus the time already served is less than the statutory maximum. Consequently, a "conclusive" presumption simply subjects a different class of persons to the same arbitrary and irrational discrimination held unconstitutional in *Stapf*.

Despite language to the contrary, our court has not in fact held the presumption "conclusive." In Lee v. United States, 400 F.2d 185, 188 (1968), we declined "to infer an intent to give credit for a few days or weeks of pre-sentence custody from a failure to confine a defendant for an additional five years by

---

* The judge said, in relevant part:

"Now Myers and Parker both know that they were right on the threshold of being brought before the court for sentence in connection with their plea of Guilty and to the lesser included offense, in a sense of the word. And the Court had at that time determined what it thought would be the best thing for society and these two men.

*I am going to tell them right now that they are going to receive exactly the same sentence that I had in mind at that time, * * *.*

   *       *       *       *       *

*So as I said, you are going to receive exactly the same sentence today after trial for a greater offense than you would have received on your plea of guilty * * *"* (emphasis added).

ordering the sentences to run consecutively." In Aldridge v. United States, 405 F.2d 831 (1969), and Williams v. United States, 399 F.2d 492, 494 (1968), we noted that the sentencing judge stated that he had taken presentence time served into account in fixing sentence.