**Gerard VIGGIANO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 61 Cr. 1115.**

United States District Court
S. D. New York.

Oct. 31, 1967.

Gerard Viggiano, pro se.

OPINION

WEINFELD, District Judge.

The defendant, committed on January 4, 1962, under section 5010(b) of the Youth Corrections Act, seeks credit for thirty-one days of presentence custody served because of alleged inability to make bail. Defendant relies on Stapf v. United States,[1] and Dunn v. United States,[2] both of which construed the pre-1966 version of 18 U.S.C., section 3568[3] as granting credit for presentence custody to defendants sentenced to maximum prison terms under a nonmandatory minimum statute, as well as to those sentenced under a mandatory minimum statute. Those courts reasoned that to deny the credit in the one instance and to grant it in the other would be an irrational, arbitrary, and hence unconstitutional, distinction.

Even assuming arguendo, and only arguendo, however, that one under "sentence of imprisonment" is entitled to credit for pretrial confinement resulting from inability to make bail, this defendant's contention is without merit. In view of the purposes of the Youth Corrections Act and the benefits available to a defendant committed thereunder, it is both appropriate and rational to distinguish youth offenders from defendants not granted such treatment. Accordingly, defendant's reliance on the

1. 125 U.S.App.D.C. 100, 367 F.2d 326 (1966).

2. 376 F.2d 191 (4th Cir. 1967).

3. Prior to its amendment in 1966, § 3568 provided for presentence custody credit when the "sentence of imprisonment" was imposed under a "statute [which] requires the imposition of a minimum mandatory sentence." The amendment deleted the restrictive provision and thus provided for pre-custody credit in all cases of a "sentence of imprisonment."

*Stapf* and *Dunn* cases, neither of which involved sentences under the Youth Corrections Act, is misplaced.[4]

Under that statute, defendant's sentence was not one of imprisonment for a fixed term; it was for corrective treatment as defined therein in lieu of the penalty of imprisonment otherwise provided by law. The Youth Corrections Act was enacted to provide corrective training and treatment of youth offenders as a substitute for a "sentence of imprisonment," referred to in section 3568 and in the general provisions for imprisonment under other applicable laws. Departing from the "mere punitive idea of dealing with criminals", the Youth Corrections Act "looks primarily to the objective idea of rehabilitation." [5] The treatment was designed to correct the antisocial tendencies of the youth offenders.[6] Given the underlying purpose of the commitment, the period of confinement prior to sentence is of no significance on the issue to be decided by the Youth Corrections Division as to whether a youth offender has responded to corrective treatment and consequently is fit to be returned to society and to be released conditionally or unconditionally, as provided for by section 5017(c).

Other factors warrant a distinction between a "sentence of imprisonment" and a commitment under the Youth Corrections Act. The advantages to a youth offender include not only the quality of the treatment, but also the opportunity to secure a vacatur of the judgment of conviction upon an unconditional discharge.[7] Moreover, a defendant committed under section 5010(b) must be discharged conditionally after four years, and even if subsequently recommitted for a parole violation, as was defendant herein, a defendant sentenced under the Youth Corrections Act receives credit for time spent on parole; one sentenced under general provisions does not.[8]

The application is denied.

---

4. It is not without interest to note that in *Stapf* the court observed: "Neither deterrence, retribution, reform nor any other consideration was offered by the Government for our consideration, as providing a rationale for this discrimination." 367 F.2d at 329.

5. H.R.Rep. No. 2979, 81st Cong., 2d Sess. (1950), in 1950 U.S.Code Cong. & Ad. News pp. 3983, 3985.

6. 18 U.S.C. § 5006(g).

7. 18 U.S.C. § 5021(a). See Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962).

8. See Fish v. United States, 254 F.Supp. 906 (D.Md.1966). Compare 18 U.S.C. § 5017(c) with Baber v. United States, 368 F.2d 463 (5th Cir. 1966); Thomas v. United States, 327 F.2d 795 (10th Cir.), cert. denied, 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964); Kaplan v. Hecht, 24 F.2d 664 (2d Cir. 1928).