**Lsslie C. BOSTICK and Charles P. Lainhart, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 24287.

United States Court of Appeals Fifth Circuit.

March 24, 1969.

R. S. Carrigan, Houston, Tex., Michael Lowenberg, Dallas, Tex., for appellants.

James R. Gough, Ronald Blask, Asst. U. S. Attys., Houston, Tex., for appellee.

ON PETITIONS FOR REHEARING

Before JOHN R. BROWN, Chief Judge and WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

The petition of the United States for a rehearing is denied.

■ A defendant who receives the maximum sentence on each of several counts, the sentences to run concurrently, must be considered as having received

the maximum sentence provided by law within the meaning of Bryans v. Blackwell, 5 Cir. 1967, 387 F.2d 764. See the recent decision of this Court in United States v. McCullough, 5 Cir. 1969, 405 F.2d 722. Accord: Lee v. United States, 9 Cir. 1968, 400 F.2d 185. In the case now before the Court, therefore, the good time credit should be computed at the rate of ten days a month because the maximum sentence of ten years was imposed upon the defendants.

To clarify our original opinion, we point out that there is no need to remand the case for a sentence allowing credit for time served prior to sentencing. "The computation of the service of a legally rendered sentence is an administrative responsibility." Lee v. United States, 400 F.2d at 189. The law requires the Attorney General to give credit administratively to the defendants for the pre-sentence jail service.

The petition of Charles P. Lainhart for a rehearing is denied.