**James SATTERLY, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2527.**

United States District Court,
E. D. Tennessee,
Northeastern Division.
May 19, 1970.

**168**

James Satterly, Jr., pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

C. G. NEESE, District Judge.

This is a motion by the movant, *pro se,* in custody under the sentence of this Court in United States of America, plaintiff v. James E. Satterly, Jr., defendant, criminal action no. 6797, this district and division, claiming that such sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255. Only a matter of law is presented, so the production of the prisoner before this Court is not required. *Idem.*

■ The motion and the files and records in the aforecited action show conclusively that the movant was sentenced on October 2, 1964 to the custody of the Attorney General or his authorized representative " * * * for a period of FIVE (5) YEARS from and after this date * * * ", etc. It is undisputed, and this Court now finds therefrom, that the movant spent 36 days in custody prior to October 2, 1964, in connection with the offense for which such sentence was imposed. Thus, the movant is entitled to credit for such pretrial incarceration occasioned by his financial in-

ability to post bail bond. 18 U.S.C. § 3568; United States v. Jones, C.A.6th (1968), 393 F.2d 728, 729.

■■ The movant was sentenced to the maximum term of five years, for the offense of having transported a stolen vehicle in interstate commerce, knowing the same to have been stolen. 18 U.S.C. § 2312. The computation of the service of this legally-rendered sentence is, not a judicial responsibility, but an administrative responsibility of the Attorney General, acting through the bureau of prisons. Lee v. United States, C.A.9th (1968), 400 F.2d 185, 188–190 [4–7]. In support of his claim for an administrative computation to include credit for the aforementioned 36 days of pretrial jail-time under 18 U.S.C. § 3568, the movant may utilize this specific finding of this Court. And, should the Attorney General fail or neglect to accord the movant such credit, he may apply for the federal writ of habeas corpus and use such finding to accomplish such purpose, notwithstanding the fact that such application may not entitle him at that time to an immediate release.* Aldridge v. United States, C.A.9th (1969), 405 F. 2d 831, 832[2], citing Peyton v. Rowe (1968), 391 U.S. 54, 66, 88 S.Ct. 1549, 20 L.Ed.2d 426, 434.

However, because the sentence against the movant Mr. Satterly was not in excess of the maximum, but was specifically authorized by 18 U.S.C. § 2312, and because the computation of its service cannot be implemented by vacating or setting aside the sentence itself, he hereby is

Denied all relief. Judgment will enter, overruling his motion of May 13, 1970.

---

* If it had been shown that the movant had served his full time, and with the credit of 36 days for time served in lieu of bail fixed for the offense, was authorized to be released conditionally, the interests of justice would have required this Court to treat his motion as an application for the writ of habeas corpus, to effectuate his immediate release from penal custody. Lee v. United States, *supra.*