**UNITED STATES of America**

v.

**Alexander E. LEWIS, Jr., Appellant.**

**No. 24798.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 3, 1971.

Decided July 14, 1971.

Petition for Rehearing Denied Sept. 24, 1971.

Fahy, Senior Circuit Judge, dissented and filed opinion.

Mr. Paul H. Mannes, Rockville, Md. (appointed by this court) for appellant.

Mr. Charles H. Roistacher, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and John G. Gill, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and MacKINNON and WILKEY, Circuit Judges.

MacKINNON, Circuit Judge:

Appellant was tried on two counts of second degree burglary but found guilty of the lesser included offense of unlawful entry in violation of D.C.Code § 22–3102(1967). While second degree burglary is a felony,[1] unlawful entry is a misdemeanor punishable by a fine not exceeding $100 or imprisonment in the jail for not more than six months or both in the discretion of the court. Following his conviction the trial court sentenced appellant under the Federal Youth Corrections Act,[2] 18 U.S.C. § 5010(b) which provides:

> If the court shall find that a convicted person is a youth offender, and *the offense is punishable by imprisonment under applicable provisions of law other than this subsection,* the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter. * * *
>
> 18 U.S.C. § 5010(b). (Emphasis added.)

In sentencing appellant under the Youth Corrections Act the court relied upon that provision of the D.C.Code authorizing imprisonment for not more than six months as satisfying the requirement of the Youth Corrections Act that the offense be "punishable by im-

---

1. D.C.Code § 22–1801(b) (Supp. IV, 1971) provides in pertinent part:
Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years. (81 Stat. 736)

2. The Youth Corrections Act is applicable in the District of Columbia. 18 U.S.C. § 5024.

prisonment under applicable provisions of law other than this subsection \* \* \*." However, prior to the date of appellant's sentencing he had been confined, in connection with the offense and acts for which the sentence was imposed, for a total of over seven months in the D.C. jail as follows:

October 7, 1969—November 18, 1969

February 20, 1970—March 4, 1970

May 11, 1970—October 12, 1970 [3]

Appellant contends that the Government is required to credit this presentence jail time against the six months maximum imprisonment authorized by D.C.Code § § 22–3202 (1967) in such manner as to take away the ability of the court to impose a sentence under the Youth Corrections Act. In other words, he contends that since he had been detained in the D.C. jail for a period in excess of the maximum sentence permitted by law by the D.C.Code for the offense of unlawful entry for which he was convicted, that he had fully served the maximum statutory sentence and hence could not be further incarcerated under the Youth Corrections Act. We do not so interpret the applicable statutes.

The statute providing for crediting pre-sentence jail time, 18 U.S.C. § 3568, provides as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.* As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.
>
> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.
>
> No sentence shall prescribe any other method of computing the term. [Emphasis added.]

The clear language of 18 U.S.C. § 5010(b) authorizes the court where a youth offender is convicted of an "offense \* \* \* punishable by imprisonment under applicable provisions of law other than this subsection" to impose a sentence under the Youth Corrections Act.[4] Since appellant satisfies all these requirements, the court was authorized to impose a Youth Corrections Act sentence.[5]

That appellant previously had been charged with a felony and confined in jail awaiting trial for acts arising out of said offense more than the maximum period of imprisonment to which he might have been sentenced had the court elected to impose sentence under the D.C.

---

3. Appellant was originally released on bond, then rearrested on other charges. Following the dismissal of the other charges he was again released on bond on March 4, 1970, but this bond was revoked on May 11, 1970.

4. The Youth Corrections Act applies generally to sentencing of "youth offenders" unless specifically excluded. Thus, in the District of Columbia Court Reform and Criminal Procedure Act of 1970 (P.L. 91–358, July 29, 1970, 84 Stat. 473), Congress provided by specified language that the Youth Corrections Act would not be applicable to a youth offender convicted of a *second offense* which constituted a "crime of violence while armed" and thus left the Youth Corrections Act applicable to *first offenses* even though the definition of a "crime of violence while armed" included murder. D.C.Code §§ 22–3201, 22–3202(d) (1).

5. D.C.Code § 22–3202 (1967); 18 U.S.C. § 5010(b); United States v. Fort, 143 U.S.App.D.C. 255, 272, 443 F.2d 670, 687 (1970), cert. denied, 403 U.S. 932, 91 S.Ct. 2255, 29 L.Ed.2d 710 (1971).

Code (rather than the Youth Corrections Act) does not prohibit the court from imposing a Youth Corrections Act sentence. *From the moment appellant committed the offense he was always subject upon conviction of the felony, or any lesser included misdemeanor, to one of two possible sentences, one under the D.C.Code or one under the Youth Corrections Act.* 18 U.S.C. § 3568 only requires that the defendant receive "credit toward service [of whatever] sentence was imposed" for his pre-sentence jail time.

■■ In providing that the "Attorney General" (not the court) is the person to give credit toward service of his sentence, the statute makes it plain that it does not in any way affect the right or duty of the court to impose sentence under the D.C.Code, the Youth Correc-

tions Act or any other applicable statute. The computation of the sentence is an administrative not a judicial responsibility.[6] The mandate and operative scheme implicit in the statute provides that the available credit shall be applied *after* whatever sentence is imposed and not *before* sentence. Thus, the court must first impose sentence before any "credit" may be realized.[7] If the defendant were acquitted, no credit would ever be realized and the fact that he is entitled to a credit on a sentence *after* it is adjudged does not operate to prohibit the court from imposing sentence or to reduce the sentence that it might adjudge. Thus we hold on the facts of this case that 18 U.S.C. § 3568 does not prohibit the imposition of the Youth Corrections Act sentence.[8]

Affirmed.

6. Bostick v. United States, 409 F.2d 5 (5th Cir.), cert. denied, Lainhart v. United States, 396 U.S. 890, 90 S.Ct. 180, 24 L.Ed.2d 164 (1969); Lee v. United States, 400 F.2d 185, 189 (9th Cir. 1968).

7. Under the claim of "harmonizing" the two statutes, the dissent would reverse the order in which their language indicates they were intended to operate and then do violence to the Youth Corrections Act by excluding from its coverage an entire group of youth offenders who are the very persons *most in need of its benefits*, i. e., those convicted of misdemeanors who by the nature of the offense with which they were charged, or their prior conduct, were required to be incarcerated a substantial period of time prior to trial. The dissent argues that such result would be rare. That may be, but that is no reason to allow it at all. These are the worst offenders and we should not resort to a construction of the statute contrary to its terms to achieve a result that does violence to its purpose. The result sought by the dissent would also prevent the youth offender from having his conviction set aside under 18 U.S.C. § 5021 which provides:

(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

While a youth offender at the time of his sentence may value his liberty more than the possibility of a clean record, the latter, if achieved, may be of greater permanent value to him. The result sought by the dissent would also *discriminate against youth offenders who serve their time after sentence.*

8. Since it is not raised by the instant record and was not argued on this appeal, we do not decide whether 18 U.S.C. § 3568 requires the Attorney General to credit pre-sentence jail time of a youth offender sentenced under the Youth Corrections Act against the four and six year limits prescribed by 18 U.S.C. § 5017(c):

A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

*Cf.* Viggiano v. United States, 274 F. Supp. 985 (S.D.N.Y.1967).

FAHY, Senior Circuit Judge (dissenting):

The problem is one of construing two statutes, neither enacted in any obvious contemplation of the other but each bearing upon the other when both are involved in the factual situation presented. In such circumstances we should seek a solution which avoids violence to the terms of either but which brings both into harmony, when to construe either in isolation from the other would thwart the intention of Congress.

Appellant, a youth offender within the meaning of the Youth Corrections Act, was convicted of a misdemeanor which carried a possible sentence of fine not to exceed $100 or imprisonment for not more than six months, or both. He was sentenced under 18 U.S.C. § 5010(b) of the Youth Corrections Act. When sentenced he had been incarcerated for more than six months due to the charges against him which resulted in conviction of the misdemeanor. He now contends that since he was entitled to credit for the full time spent in jail prior to sentencing, which was a greater period than the statutory maximum for which he could be sentenced for the offense of which he was convicted under D.C. Code § 22–3102, he could not be sentenced to further confinement, though under the Youth Corrections Act.[1]

Under 18 U.S.C. § 3568, quoted in the majority opinion, appellant would be entitled to credit for the period of his pre-sentence confinement on a sentence under D.C.Code § 22–3102. *See also* Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966); Cephus v. United States, 128 U.S.App.D.C. 366, 389 F.2d 317 (1967). At the time of sentencing appellant accordingly had served all imprisonment to which he could be confined under the misdemeanor statute. The Government contends, however, that since formal sentencing had not yet taken place, the Youth Corrections Act was available to the judge, notwithstanding appellant had been incarcerated for the maximum period for which he could be sentenced for the misdemeanor.

The contention of the Government runs into a provision of Section 5010(b) of the Youth Corrections Act. That section provides that the sentence under the Act is available to the judge "in lieu of the penalty of imprisonment otherwise provided by law." The imprisonment otherwise provided by law having been fully served, in all substance as though it had been formally imposed, to impose a further sentence under the Youth Corrections Act simply is not in lieu of the misdemeanor sentence but is in addition to it.[2] *See also* Carter v. United States, 113 U.S.App.D.C. 123, 125, 306 F.2d 283, 285 (1962); Cunningham v. United States, 256 F.2d 467, 472 (5th Cir. 1958).

My position analogizes the six months incarceration to a sentence. I think giving this effect to the incarceration is required when the maximum sentence which could be imposed for the offense has actually been served. In this manner the two statutes are harmonized. It accords on the one hand with the intent expressed by the "in lieu" provision of Section 5010(b), and on the other it does no violence to the ordinary sentencing procedure. It also prefers substance to form, for if appellant were sentenced in the usual manner for the misdemean-

---

1. That a sentence under the Youth Corrections Act results in confinement and an "enlarged duration of loss of liberty" is not disputed. *See* Harvin v. United States, 144 U.S.App.D.C. ——, ——, 445 F.2d 675, 683 (1971).

2. The possibility that a fine of $100 could be imposed under D.C.Code § 22–3102 does not I think leave the situation open for an "in lieu" sentence under the Youth Corrections Act. The Government does not so suggest.

In addition, that appellant's initial incarceration was for lack of bail on felony charges does not mean, and the Government does not suggest, that he was not entitled to credit for his pre-sentence confinement when he was convicted of the lesser-included offense of unlawful entry. The confinement did not arise out of charges in another case.

or he would have been entitled simultaneously to release by the credit due.[3] To treat the matter, therefore, as though he had served his misdemeanor sentence, with the consequence that a sentence under the Youth Corrections Act would not be in lieu of it, gives effect to the reality of the situation and brings into harmony the two statutes relating to sentences.[4]

While the consequence of my position would be in some situations to limit the application of the Youth Corrections Act in misdemeanor cases, it is probable this result would be rare. In these relatively minor cases the accused ordinarily is not incarcerated before trial, at least for the period of the maximum sentence available; rather he is usually released pending trial or actually tried before serving the full time.[5]

3. In reference to footnote 7, *supra*, of the court's opinion, I do not understand that youth offenders who for some reason do not obtain release on bail are those most in need of the benefits of the Youth Corrections Act, though this factor, as are the other questionable factors referred to in the same footnote, seem to be quite irrelevant to the problem of statutory construction which brings the two statutes into harmony.

4. Though I dispose of the matter by interpretation of the relevant statutes, I point out that the disposition of the case by the majority raises a question of equal

protection of the laws. *Cf.* Stapf v. United States, *supra.*

5. I do not think it is feasible to give credit for appellant's pre-sentence custody on the sentence under the Youth Corrections Act. As Judge Weinfeld stated in Viggiano v. United States, 274 F.Supp. 985 (S.D.N.Y.1967), given the corrective and rehabilitative purposes of commitment under the Act, confinement prior to sentencing is of no significance on the issue whether the youth has responded to treatment and is ready to be returned to society.