Larry Eugene WATKINS,
Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

No. 77–5060.

United States Court of Appeals,
Sixth Circuit.

Argued June 16, 1977.

Decided Feb. 10, 1978.

Alton D. Priddy, Hardy, Logan & Hastings, Louisville, Ky. (Court-appointed), for defendant-appellant.

Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before WEICK, Circuit Judge, PECK, Circuit Judge, and FREEMAN, Senior District Judge.*

PER CURIAM.

This matter is before the Court on the Government's petition for rehearing. The petition is based primarily on two contentions: first, that the Court misinterpreted the Supreme Court's ruling in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), and secondly, that the Court misunderstood the Government's argument concerning the effect of the defendant's prison escape while he was subject to a Kentucky detainer. Neither contention warrants a further hearing in this case.

In *Moody v. Daggett*, the Supreme Court held that a federal parolee, imprisoned for federal crimes committed while on parole and clearly constituting parole violations, was not constitutionally entitled to an immediate parole revocation hearing where a parole violator warrant was issued and lodged with the institution of his confine-

---

* Honorable Ralph M. Freeman, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

ment as a detainer but was not executed. The Court's decision was based upon the factual context of a federal prisoner faced with a federal detainer, and the Government's petition relies on the statement of the Court that "Whether different issues would be presented by the prospect of adverse action by different and autonomous parole authorities, we need not consider." 429 U.S. at 88, 97 S.Ct. at 279. In fact, one district court has expressly considered whether a prisoner is entitled to a parole revocation hearing when the pending detainer issues from a separate jurisdiction, and has decided that *Moody v. Daggett* does not apply. *Reddin v. Gray*, 427 F.Supp. 386 (E.D.Wis.1977).

 Whether or not a prisoner may be entitled to a parole revocation hearing at the time a detainer is lodged against him, however, does not determine whether that detainer amounts to constructive custody. *Moody v. Daggett* makes clear that such a construction would be improper:

> A detainer in this context is an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act—in this case by taking the inmate into custody or by making a parole revocation determination. When two autonomous jurisdictions are involved, as for example when a federal detainer is placed against an inmate of a state institution, *a detainer is a matter of comity.* 429 U.S. at 80, n. 2, 97 S.Ct. at 275 (emphasis added)

Thus it seems clear to this Court that the lodging of a detainer against the defendant cannot translate into constructive custody sufficient to satisfy the special dangerous offender statute.

Moreover, if the detainer does not amount to custody, then the fact that the defendant was for several months a fugitive from the warrant (rather than from the invalid custody, as the Court originally construed the Government's argument) is irrelevant. While the Government argues that "statutes of limitations do not apply to fugitives from justice," the statute requires that a defendant must have been "imprisoned . . . less than five years [prior to] the commission of such felony" i. e., the felony which triggers the applicability of the special dangerous offender statute. The statute also explicitly states that invalid convictions must be disregarded in applying the definitional provisions. In this case, defendant's custody for the Indiana armed robbery must be statutorily discounted, so that at no time during the specified five year period was he either validly imprisoned or an escapee from a valid imprisonment. That he was also a fugitive from the warrant is immaterial, since the warrant cannot be construed to constitute custody or imprisonment.

For the reasons stated herein, the Court is not persuaded that the Government has presented arguments which merit a rehearing, and the petition in this matter is hereby denied.