UNITED STATES of America

v.

Leroy CARMEN, Jr., etc.

No. CR–2–78–6.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Order
Jan. 26, 1979.

On Motion to Reconsider Feb. 20, 1979.

John H. Cary, U.S. Atty. by Guy W. Blackwell, Jr., Asst. U.S. Atty., Greeneville, Tenn., for plaintiff.

Jack M. Vaughn, Wilson & Rollins, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Carmen moved the Court to grant him credit on the sentences imposed upon him herein for the time he spent in state custody while a federal detainer was lodged against him relating to the charges herein. That detainer

was simply an informal process giving notice to prison authorities in Indiana that federal charges were pending against Mr. Carmen and requesting his Indiana custodian to notify federal authorities before releasing him from such state's custody. *Ridgeway v. United States*, C.A. 6th (1977), 558 F.2d 357, 360[1]. The lodging of such detainer against Mr. Carmen did not bring him into federal custody, *Watkins v. United States*, C.A. 6th (1978), 570 F.2d 151, 152[2], certiorari denied (1978), 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71, and this Court has no authority to cause its sentences to be served concurrently with any time which Mr. Carmen may have been in state custody, see *United States v. Herb*, C.A. 6th (1971), 436 F.2d 566, 568[2].

▪ The sentences imposed herein commenced to run from the date Mr. Carmen was received at the federal penitentiary for service thereof with credit thereon to be given him for any time he may have spent in custody in connection with the offenses or acts for which those sentences were imposed. 18 U.S.C. § 3568. The computation of those sentences is, not a judicial responsibility, but an administrative responsibility of the Attorney General, acting through the bureau of prisons. *Satterly v. United States*, D. C. Tenn. (1970), 314 F.Supp. 167, 168[2]. Mr. Carmen does not claim that he has been denied credit due him under 18 U.S.C. § 3568 for time spent in federal custody. (His motion states that he was in fact given 33 days credit.)

Accordingly, his motion hereby is

DENIED.

### ON MOTION TO RECONSIDER

The defendant Mr. Carmen moved the Court to reconsider its ruling herein of January 26, 1979, or alternatively, to grant him leave to proceed on appeal therefrom in *forma pauperis*. Mr. Carmen now appears to contend that he was not given credit by the Attorney General, through the bureau of prisons, due him under the provisions of 18 U.S.C. § 3568 on the computation of his sentence herein.

▪ " * * * After administrative determination of credit but before completion of the minimum claimed sentence, it is appropriate that there be available judicial review of compliance with the statute [18 U.S.C. § 3568], to protect the prisoner's statutory right to credit. * * * " *United States v. Morgan*, C.A. 5th (1970), 425 F.2d 1388, 1390[3]. However, it is clear that a district judge should deny any such review unless the prisoner has first exhausted his administrative remedies within the bureau of prisons. *Ibid*, 425 F.2d at 1390[5]; *Soyka v. Alldredge*, C.A. 3d (1973), 481 F.2d 303, 306[4]; see also *Satterly v. United States*, D.C. Tenn. (1970), 314 F.Supp. 167.

▪ The matters raised currently by Mr. Carmen:

* * * present procedural difficulties in that witnesses having knowledge of the facts surrounding state detention and the failure to make bail are usually far removed from the federal courts where claims of the type here are asserted. In order to facilitate the matter of proper credit being given to federal prisoners, the Office of Legal Counsel, Bureau of Prisons, Attorney General's Office, Washington, D.C., has established an internal administrative procedure to process such claims. The district court should require [a prisoner] to utilize this administrative remedy before proceeding to the fact questions in issue. * * *

*O'Connor v. Attorney General*, C.A. 5th (1972), 470 F.2d 732, 734. Mr. Carmen not having alleged, nor made any attempt to show, that he has sought or exhausted relief through the administrative procedures available to him within the bureau of prisons, he hereby is DENIED all relief. *United States v. Steel*, D.C. Okl. (1975), 400 F.Supp. 39, 41[3].

The defendant, having been permitted to proceed herein as one who is financially unable to obtain adequate defense in this criminal case, may proceed on appeal in *forma pauperis* without further authorization, this Court not having certified that such an appeal would not be taken in good

faith nor having found that the defendant is otherwise not entitled to so proceed. Rule 24(a), Federal Rules of Appellate Procedure.