758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD THOMAS ILLSLEY, PLAINTIFF-APPELLANT,
v.
WILLIAM STOREY WARDEN, THE ATTORNEY GENERAL OF THE UNITED
STATES PAROLE COMMISSION, DEFENDANTS-APPELLEES.
 NO. 84-5274
 United States Court of Appeals, Sixth Circuit.
 2/20/85
 
 ORDER
 Before: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant appeals the order of the district court which adopted the report and recommendation of United States Magistrate, Joseph M. Hood and held that the appellant's petition for habeas corpus relief is moot or in the alternative fails because administrative remedies have not been exhausted. The appellant's basic contention is that he was given insufficient credit on his federal sentence for time he spent under custody of Massachusetts authorities. See 18 U.S.C. Sec. 3568. On appeal, he contends that the petition is not moot because collateral consequences of this alleged error still affect his remaining sentences. Furthermore, he contends that he did not have to exhaust administrative remedies as to do so would have been futile.
 
 
 3
 In reviewing the record, it does not appear that the appellant's habeas petition is moot. The appellant is presently on parole from a federal parole violation sentence with a statutory release date of May 9, 1987. The alleged error in the calculation of time credited would have an effect upon this sentence; therefore, the case is not moot. See Lyons v. Brierley, 435 F.2d 1214 (3rd Cir. 1970).
 
 
 4
 Notwithstanding the mootness issue, it appears the appellant was required to exhaust administrative remedies prior to filing the habeas corpus petition. Federal prisoners complaining of events or conditions relating to his custody must exhaust his administrative remedies before seeking habeas relief. Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981); United States v. Carmen, 479 F.Supp. 1 (E.D. Tenn. 1979), aff'd, 601 F.2d 587 (6th Cir. 1979). The appellant had an adequate grievance procedure through which his complaints could have been addressed. See, 28 CFR 542.10 et seq. Therefore, the district court did not err in dismissing the petition.
 
 
 5
 Accordingly, it is ORDERED that the judgment of the district court be, and it hereby is, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.