THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL TUCKER, Defendant-Appellant.

Second District   No. 84—1098

Opinion filed November 20, 1985.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

¨PRESIDING JUSTICE NASH delivered the opinion of the court:

After a bench trial, defendant Samuel Tucker was convicted of theft and possession of burglary tools, and sentenced to imprisonment for concurrent terms of five years and two years, respectively. We consider in this appeal whether time served by defendant in an Indiana penitentiary after conviction for burglary in that State may be credited to his Illinois sentences.

In April 1983, defendant was convicted of burglary in Indiana and sentenced to a term of imprisonment in the State penitentiary. Based on acts committed in Illinois on December 11, 1981, a detainer was issued for the defendant on December 27, 1983, pursuant to the Agreement on Detainers. (Ill. Rev. Stat. 1983, ch. 38, par. 1003—8—9.) The detainer was received by Indiana authorities at the Westville Correctional Center, where defendant was imprisoned, on December 29, 1983, and its effect, under Indiana law, was to make defendant ineligible for work-release programs. (Indiana Department of Corrections Administrative Procedure 02—03—101, sec. 13—III—B4.) After completing the Indiana sentence, defendant waived extradition to Illinois on April 17, 1984, and was transferred to the Du Page County jail on April 21, 1984. After defendant's conviction and sentence for theft and possession of burglary tools on November 2, 1984, in Du Page County, the circuit court granted defendant credit for time served in Indiana since April 17, 1984, the date of his waiver of extradition, but he was not given any sentence credit for the period between the time the detainer was lodged against him in Indiana by the Illinois authorities and his waiver of extradition.

Defendant's sole contention on appeal is that he is entitled to sentence credit under section 5—8—7(b) of the Unified Code of Corrections from the date the Illinois detainer was received by Indiana authorities on December 29, 1983. That provision states:

> "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***." Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b).

Defendant first cites *Brown v. United States* (8th Cir. 1974), 489 F.2d 1036, to support his argument. There, a State prisoner was determined to be "in custody in connection with the [Federal] offense" and thus entitled to credit against his Federal sentence where he was denied bail by Missouri officials because of an outstanding Federal detainer lodged against him. We note initially that decisions of the Federal courts are not binding upon Illinois courts. (*Benjamin v. Board of*

*Election Commissioners* (1984), 122 Ill. App. 3d 693, 697, 462 N.E.2d 626; *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 300, 458 N.E.2d 79, *appeal denied* (1984), 99 Ill. 2d 529.) This is particularly true where there is a conflict in the Federal courts regarding the issues involved. Compare *United States v. Haney* (8th Cir. 1983), 711 F.2d 113 (supporting the *Brown* reasoning), with *United States v. Carmen* (E.D. Tenn. 1979), 479 F. Supp. 1, *aff'd* (6th Cir. 1979), 601 F.2d 587 (lodging of detainer against defendant in Indiana prison did not bring defendant into Federal custody), and *Watkins v. United States* (6th Cir. 1977), 564 F.2d 201, *rehearing denied* (6th Cir. 1978), 570 F.2d 151, *cert. denied* (1978), 435 U.S. 976, 56 L. Ed. 2d 71, 98 S. Ct. 1627 (filing of Kentucky detainer did not constitute constructive custody even though it prevented defendant from participating in Indiana prison work-release program).

In any event, *Brown* is factually distinguishable. There, the defendant was not in prison serving a sentence for a conviction at the time the detainer was filed, but had merely been arrested on State charges which were subsequently dismissed. Unlike the present case, the defendant in *Brown* was denied a constitutionally granted right, the right to nonexcessive bail, because of the Federal detainer. The defendant in the present case was merely rendered ineligible to apply for the privilege of work release.

Defendant also cites *People v. Roberts* (1977), 47 Ill. App. 3d 524, 362 N.E.2d 106, *appeal denied* (1977), 66 Ill. 2d 635, in which the court refused to grant sentence credit for a defendant who was an inmate in a Washington State prison at the time a detainer was filed. The defendant in *Roberts* argued that the term "custody" could contemplate lesser restraints than confinement because the detainer made programming decisions difficult, made parole planning impossible, and prohibited his participation in the Washington furlough program. However, the court held that Roberts' confinement in Washington State was not "a result of the offense for which the sentence was imposed" because the defendant's own affidavit showed that he was scheduled for parole on June 1, 1976. This negated his argument that the detainer made parole planning impossible. The court stated further that it had no basis for finding whether the detainer could have or did prejudice defendant's chances with respect to the furlough program.

Defendant Tucker argues that a basis for finding the detainer prejudiced his chances for work release does exist here, since defendant told the judge below he was eligible for work release. Defendant also points to an Indiana Department of Corrections regulation which

states that an inmate must be free from an active felony detainer to be eligible for work release. (Indiana Department of Corrections Administrative Procedure 02—03—101, sec. 13—III—B4.) We decline to view this distinction as a difference.

It is clear that "custody" under section 5—8—7(b) means "no less than confinement." (*People v. Roberts* (1977), 47 Ill. App. 3d 524, 528, 362 N.E.2d 106, *appeal denied* (1977), 66 Ill. 2d 635; *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 93-94, 316 N.E.2d 769.) Here, Indiana had a right to retain defendant in its prison system until the expiration of his prison term. The detainer's role in rendering him ineligible for work release did not act to keep him in confinement for a longer period than that mandated by his sentence. We draw a distinction between a situation in which a detainer operates to keep an individual in custody longer than he may be held under the charge arising in the sending State (*Brown v. United States* (8th Cir. 1974), 489 F.2d 1036) and where the detainer merely prompts the sending State to deny discretionary privileges to the prisoner. See *People ex rel. Petraborg v. Fields* (1973), 14 Ill. App. 3d 1025, 303 N.E.2d 160.

We are supported in this view by *United States v. Winter* (1st Cir. 1984), 730 F.2d 825. There, the court ruled that a defendant was not entitled to Federal credit for time spent in Massachusetts prison even though the State Parole Board indicated it was delaying a parole decision pending resolution of the Federal appeal. The court pointed out that Massachusetts had exclusive power to set his release date, and there was no claim that Federal authorities requested the postponement. Similarly, it was the unilateral operation of the Indiana Administrative procedures which terminated Tucker's eligibility for work release, not any action on the part of Illinois officials. We conclude, therefore, that the Illinois detainer did not operate to put Tucker in "custody" within the meaning of section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b)), and that he is not entitled to sentence credit from the time the detainer was received by Indiana authorities.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG and SCHNAKE, JJ., concur.