UNITED STATES of America, Plaintiff,

v.

William B. PERRY, Defendant.

No. CR–3–82–04.

United States District Court,
S.D. Ohio, W.D.

Dec. 9, 1985.

James A. Wilson, Asst. U.S. Atty., Dayton, Ohio, for plaintiff.

David Fuchsman, Dayton, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING MOTION FOR CORRECTION OF SENTENCE

RICE, District Judge.

Defendant appeared in this Court on June 10, 1982 for a probation revocation hearing. This Court found Defendant to have violated the terms of the probation granted to him on November 26, 1973. Defendant's probation was revoked as a result. He was sentenced by this Court to a five year sentence, which was reduced to eighteen months. On October 26, 1982, this Court issued an order granting Defendant's Motion for Reduction of Sentence, and directed that Defendant be released from confinement on November 10, 1982. On November 19, 1982, Defendant appeared in open Court with his counsel. The remainder of the execution of the June 10, 1982 sentence was suspended at that time, and Defendant was placed on probation for a period of five years.

The parties agree that 18 U.S.C. § 3651 does not permit suspension of a sentence after a period of incarceration of more than six months. Defendant's contention in the instant Motion for Correction, which alleges a violation of 18 U.S.C. § 3651 by this Court's November 19, 1982 order, focuses upon the proper calculation of his six-month period. Defendant alleges that, by the time of his release on November 10, 1982, he had served in excess of six months in custody in connection with the offense for which the June 10, 1982 sentence was imposed.[1] Defendant then cites 18 U.S.C.

1. Defendant alleges that he was confined on December 3, 1981 through January 25, 1982 and then again from April 11, 1982 through November 10, 1982. Even though he drew an additional thirty day jail sentence during this period, Defendant contends that he had already served

§ 3568 as authority for the proposition that his intermittent confinement from late 1981 through November 10, 1982 ought to have been included in calculating the six-month period during which probation was permissible under 18 U.S.C. § 3651. Obviously, were this period of confinement considered, this Court's November 19, 1982 order of probation would not have complied with the six-month limit of 18 U.S.C. § 3651, as Defendant would have served in excess of six months in jail at the time of institution of probation.

■ As the Court does not accept Defendant's interpretation of 18 U.S.C. § 3568, it cannot find Defendant's position tenable. The pertinent portion of 18 U.S.C. § 3568 provides as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit towards service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

The courts which have construed this provision have held that it is not the province of the sentencing court to compute sentences and to apply credit where it is due. Rather, as specifically provided by the statute, this task is an administrative function to be performed by the Attorney General, the Department of Justice and the Bureau of Prisons. *United States v. Carmen,* 479 F.Supp. 1, 2 (E.D.Tenn.1979), *aff'd,* 601 F.2d 587 (6th Cir.1979).

In *United States v. Clayton,* 588 F.2d 1288 (9th Cir.1979), the appellant Clayton relied on 28 U.S.C. § 3568 in challenging a district court order that she serve six months in jail, that the remainder of her sentence be suspended, and that she then serve five years on probation. Appellant's argument was that the six months in custody, when coupled with the time which she had already served in jail for the original

offense, violated the six-month limitation of 18 U.S.C. § 3651. The Ninth Circuit first observed that, as stated *supra,* it is not the function of the district court to compute sentences and to apply credit. Rather, it construed 18 U.S.C. § 3568 as follows:

[T]he mandate and operative scheme implicit in [18 U.S.C. § 3568] provides that the available credit shall be applied *after* whatever sentence is imposed and not *before* sentence. Thus, the court must first impose sentence before any "credit" may be realized. 588 F.2d at 1292 (quoting *United States v. Lewis,* 447 F.2d 1262 (D.C.Cir.1971)).

With this construction of 18 U.S.C. § 3568, the *Clayton* court concluded that the appellant's probation sentence was valid under 18 U.S.C. § 3651, even though appellant had served time in jail prior to the six months of confinement which had been ordered by the district court. 588 F.2d at 1292. This focus on the time imposed by the district court itself in determining whether 18 U.S.C. § 3651 has been violated indicates that there was no such violation by this Court in its November 19, 1982 order, which placed Defendant on probation within six months of his initial order of confinement by this Court on June 10, 1982.

The rationale of the *Clayton* decision in its attempt to harmonize 18 U.S.C. §§ 3568 and 3651 is laid bare in the decision in *United States v. Lewis,* 447 F.2d at 1262, the opinion quoted by the *Clayton* court in arriving at its own conclusion. *Lewis* involved the logical extension of Defendant's position herein: that if a defendant has already spent six months in custody, there can be no lawful order of probation under 18 U.S.C. § 3651. The appellant in *Lewis,* relying upon the credit provision of 18 U.S.C. § 3568, contended that, as he had already spent seven months in jail prior to the date of his sentencing, he could not be sentenced to further confinement under a District of Columbia statute authorizing a maximum jail sentence of six months. The

in excess of six months on the date upon which

he was placed on parole.

*Lewis* court rejected this argument. It held that 18 U.S.C. § 3568, by providing that the Appellant's seven months in custody was the concern of the Attorney General "does not in any way affect the right or duty of the court to impose sentence under the D.C.Code, the Youth Corrections Act or any other applicable statute." *Id.* at 1265.

In short, while Defendant's confinement prior to June 10, 1982 may be relevant to the calculation of his sentence, such credit is a concern of the Attorney General and the prison system after the imposition of a sentence by this Court. As the November 19, 1982 order of this Court and Defendant's earlier release from custody were valid under the time provisions of 18 U.S.C. § 3651, Defendant's Motion to Correct Sentence is not well taken insofar as it seeks to invalidate the November 19, 1982 order of this Court.[2] Insofar as the motion seeks that Defendant be given credit for the time which he spent in confinement prior to June 10, 1982, Defendant has not alleged that he has sought or exhausted relief through the administrative procedures available to him within the prison system itself. *United States v. Carmen,* 479 F.Supp. at 2. As such, this relief sought by Defendant is premature, and must be denied. *Id.*

---

**2.** Defendant also contends that this Court's November 19, 1982 order placing Defendant on probation was violative of 18 U.S.C. § 3651 in that Defendant was about to be released on parole at that time. Under 18 U.S.C. § 3651, an order of probation is warranted when, among other things, the district court is "satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby." Thus, plainly, the interest of the defendant is only one of several factors to be considered in the exercise of the district court's discretion under 18 U.S.C. § 3651. This Court remains persuaded that, notwithstanding any imminent parole expected by Defendant, that its order of probation on November 19, 1982 reflected the criteria for such an order set forth in 18 U.S.C. § 3651.