892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John P. DOOLAN, Defendant-Appellant.
 No. 89-5252.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The facts in this appeal from a denial of a 28 U.S.C. § 2255 and a Federal Rule of Criminal Procedure 25 motion to reduce a sentence are essentially undisputed.
 
 
 2
 In August, 1987, the appellant Doolan committed several offenses for which he was indicted and charged with four counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of interstate transportation of falsely made forged checks in violation of 18 U.S.C. § 2314. A plea agreement was reached whereby Doolan was sentenced to serve five years on each of the five counts with each sentence to run concurrently. He was also ordered to pay a $50 assessment on each count under 18 U.S.C. § 3013 and to make restitution to Liberty National Bank, First National Bank, Citizens Fidelity Bank, and The Kroger Company through the United States Attorney's Office in the amount of $12,691.72 within five years of his release from prison. While imprisoned under this sentence, appellant Doolan was employed by Unicor, and his wages were used to pay the special assessment. On July 1, 1988, however, Doolan apparently suffered disabling injuries while working at Unicor. Appellant claims that this prison injury limits his ability to work and earn money from which restitution may be made.
 
 
 3
 Doolan filed motions under both 28 U.S.C. § 2255 and Fed.R.Crim.P. 35 to reduce his sentence, to vacate, to set aside or correct his sentence, and to request appointment of counsel. Subsequently, the district court denied all relief to the appellant regarding any change in sentencing. Doolan appeals to this court, and we affirm.
 
 
 4
 One issue raised is whether the special assessment imposed upon appellant pursuant to 18 U.S.C. § 3013 is an unconstitutional revenue raising measure. (See Article I, Section 7 of the U.S. Constitution). This issue is settled by prior decision of this court in United States v. Ashburn, 884 F.2d 901 (6th Cir.1989). Thus, this contention of appellant has no merit. Doolan, moreover, expressly waived this argument by virtue of part 16 of the plea agreement.
 
 
 5
 Doolan also contends that requiring him to make restitution in light of his subsequent alleged disabling injuries constitutes cruel and unusual punishment. Doolan is required to make restitution to the victims in an amount over $12,000 within five years of his release from prison. Doolan's argument is simply premature at this time. Time may demonstrate that he has ability to work and earn income despite his injury.
 
 
 6
 In United States v. Brown, 744 F.2d 905 (2d Cir.1984), the defendant argued that the restitution award pursuant to 18 U.S.C. § 3579 violated the Victim and Witness Protection Act "by delegating administrative responsibility for supervision of the restitution order to the United States Attorney's Office." Brown, 744 F.2d at 911. The court stated because the restitution order would not be enforced until after the defendant was released from prison, it was simply not ripe for decision. Id. Similarly, the appellant should await efforts to enforce the restitution order before challenging it on the grounds asserted, or some other basis. This assignment of error is without merit.
 
 
 7
 Appellant next contends that since neither the indictment nor the plea agreement set forth the amount of restitution ordered, that part of the judgment directing restitution must be set aside. This contention is without merit since evidence adduced indicated the amount of the fraud involved. The district court may utilize information supplied by the probation officer in the presentence report.
 
 
 8
 Appellant next contends that his sentence should be "reduced" to conform to the new sentencing guidelines. Appellant committed the offense for which he pled guilty in August of 1987. The sentencing guidelines specifically provide that they shall apply only to individuals who on or after November 1, 1987, have "committed an offense." 18 U.S.C. § 3551 et seq. Congress explicitly intended that the new guidelines apply only to those individuals who commit illegal acts after November 1, 1987. United States v. Burgess, 858 F.2d 1512, 1514 (11th Cir.1988).
 
 
 9
 Appellant also asserts that he should be given credit for time served. This argument is not properly before this court. First, Doolan failed to raise the issue at the district court level. Second, it is an issue which appellant must first raise with the Bureau of Prisons. United States v. Carmen, 479 F.Supp. 1, 2 (E.D.Tenn.1979), aff'd mem 601 F.2d 587 (6th Cir.1979) (administrative remedies must be exhausted before a claim of illegality in sentencing can properly be before the district court). We find no merit in this contention.
 
 
 10
 Appellant's final assignment of error is that he could not properly be convicted of bank fraud under 18 U.S.C. § 1344 for defrauding The Kroger Company because the latter is not a federally chartered or insured financial institution. What Doolan overlooks is that he also pled guilty to transporting in interstate commerce falsely made and forged securities knowing they were falsely made and forged in violation of 18 U.S.C. § 2314. It was appellant's taking these forged checks and cashing them at various Kroger stores which entitles Kroger to restitution as a "victim" under 18 U.S.C. § 3663(a)(1). See United States v. Durham, 755 F.2d 511, 513 (6th Cir.1985) (a victim is "a person who suffered injury as a result of the defendant's actions that surrounded the commission of the offense, regardless of whether the actions are elements of the offense charged."). Thus, Kroger is properly a victim of the offense and is entitled to restitution.
 
 
 11
 Doolan also argues that the banks were insured and therefore suffered no loss and were not entitled to restitution. Whether or not the banks were reimbursed for Doolan's fraud is not reflected in the record. In any event, there was a loss by the banks within the meaning of the applicable law, and restitution, as and if made to the Attorney General, may be paid over to the bank, or any indemnifier, if there is one.
 
 
 12
 We find all the contentions of appellant to be meritless. We, accordingly, AFFIRM the action of the district court.